The court at General Term held:
“ Neither the words ‘your claims’ nor the context, demonstrated of themselves the subject matter of the conversation referred to in the letter. It required extrinsic evidence to elucidate and explain what ' those claims ’ were. In such cases parol evidence is always, admissible for the purpose of applying the instrument to the facts (2 Phill. Ev. ch. VIII. § 3). In accordance with this doctrine the defendant’s counsel subsequently read said sentence to the defendant, and asked him ‘ to state to what that referred,’ whereupon the counsel for plaintiff objected on the ground that ‘ the letter speaks for itself,’ and the objection was sustained. This ruling was erroneous on the ground assigned for its exclusion. The letter should have been excluded or explained. The counsel for the plaintiff now contends that if upon any ground the question might have been ruled out, the ruling should be sustained, and that the ruling was proper, because it called, for the opinion of the witness, and was leading. Neither proposition as contended for is correct. Where a. specific ground of objection is urged and ruled upon, the party is bound thereby. The reason is apparent. An objection, if validly urged, to the form of a question, can readily be obviated, or if to the competeney of. the evidence, other and competent proof may by sup *528 plied. And the question did not call for the opinion or conclusion of the witness. It called for a fact.”
Theodore H. Swift, for appellant.
George F. Betts, for respondent.
Opinion by Arnoux, J.; Freedman and Russell, JJ., concurred.
Judgment and order reversed, with costs to the appellant to abide the event, and new trial ordered.